CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
11/03/2026
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ALLISON DAUGHTREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:26-cv-00118 |
| | ) | |
| SAVANNAH RAINES, *et al.*, | ) | By: Elizabeth K. Dillon |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Allison Daughtrey, proceeding pro se, filed a complaint in the Eastern District of North Carolina. That court—with the plaintiff's consent—transferred the case here. (Dkt. No. 22.) This court recently entered an order (Dkt. No. 25) granting Ms. Daughtrey's motion for leave to proceed in forma pauperis (Dkt. No. 14) and granting Ms. Daughtrey's motion to amend her complaint (Dkt. No. 15). The clerk of court subsequently separately docketed Ms. Daughtrey's now-operative third amended complaint. (3d Am. Compl., Dkt. No. 26.) The court now sua sponte dismisses plaintiff's third amended complaint for failure to state a claim, with leave to file an amended complaint.[1]

[1] The court notes that, in her complaint, Ms. Daughtrey has marked the boxes indicating that the basis for this court's jurisdiction is established both in 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity of citizenship). (3d Am. Compl. at 6.) As more fully explained herein, Ms. Daughtrey's complaint fails, however, to state a claim because it does not allege any facts to support the legal conclusions that Ms. Daughtrey asserts. In her complaint, Ms. Daughtrey has indicated federal question jurisdiction arises in her case from 42 U.S.C. § 1983, which addresses civil actions for deprivations of rights. (3d Am. Compl. at 6.) Furthermore, the alleged citizenship of the parties in Ms. Daughtrey's complaint does not run afoul of the requirements for diversity jurisdiction. (*Id.* at 7–8.) And while "[f]ederal courts . . . are courts of limited jurisdiction," here, the court construes Ms. Daughtrey's third amended complaint to sufficiently demonstrate a basis for this court's jurisdiction under 28 U.S.C. §§ 1331 and 1332. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quotation marks omitted).

## I. SUA SPONTE DISMISSAL FOR FAILURE TO STATE A CLAIM

The federal in forma pauperis statute, 28 U.S.C. § 1915, "is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953 (4th Cir. 1995) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). The court determined that Ms. Daughtrey is financially eligible to proceed in forma pauperis and granted her motion to proceed in forma pauperis. (Dkt. No. 25.)

The in forma pauperis statute also provides that "the court shall dismiss the case at any time if the court determines that— . . . (B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The language of Section 1915(e)(2)(B)(ii) parallels that of Federal Rule of Civil Procedure 12(b)(6). *Anderson v. Snap, Inc.*, Case No.: 22-cv-0256-GPC-DEB, 2022 WL 2759089, at *2 (S.D. Cal. July 14, 2022). Thus, the same standard that governs motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6) governs sua sponte dismissal pursuant to Section 1915(e)(2)(B)(ii). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

A plaintiff's complaint must include a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not mean that she needs to provide "detailed factual allegations," but the rule does require her to plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is

facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Turning to Ms. Daughtrey's third amended complaint, the court notes that Ms. Daughtrey's "Statement of Claim" attachment does not contain any factual allegations with respect to any of the named defendants, but rather simply presents legal conclusions as to the defendants' liability. (3d Am. Compl. 30–32.) This complete lack of allegations does not permit the court to draw the "reasonable" inference that the defendants are liable for the misconduct alleged. The third amended complaint is entirely devoid of allegations explaining what the defendants did, aside from Ms. Daughtrey's presumption that they broke the law. Ms. Daughtrey's allegations amount to legal conclusions which, standing alone, do not state a claim for relief. And, "[w]hile a court must accept the material facts alleged in the complaint as true, statements of bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679, and citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

For these reasons, the court will dismiss this action without prejudice for failure to state a claim with leave to file an amended complaint.

## II. CONCLUSION AND ORDER

For the reasons stated in this opinion, it is HEREBY ORDERED that Ms. Daughtrey's third amended complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim. If Ms. Daughtrey wishes to file an amended complaint, she must do so no later than thirty (30) days from the date of this order.

**To proceed with this action, Ms. Daughtrey must file an amended complaint that (1) sets forth the factual background underlying her claims, (2) names as a defendant every person she intends to sue, (3) specifically explains how each person violated her federal rights, and (4) describes the remedy she seeks. Each claim should be separately numbered and should identify the specific defendant or defendants against whom she is bringing the claim.** If Ms. Daughtrey is unsure of the full name or position of any defendant, she should provide as much information as she can, including, for example, a description of the complained of conduct and a physical description of that person.

This amended complaint must be a new pleading, **complete in all respects, which stands by itself without reference to any earlier-filed complaint, document, or attachment. MS. DAUGHTREY IS ADVISED THAT HER FAILURE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS AFTER ENTRY OF THIS ORDER SHALL RESULT IN THE DISMISSAL OF THIS CASE.**

Alternatively, if Ms. Daughtrey needs more time to file an amended complaint or does not want to proceed at this time, she may voluntarily dismiss this action and file a new action when she is prepared to do so, subject to the applicable statute of limitations.

The Clerk is DIRECTED to provide a copy of this order to Ms. Daughtrey, along with a blank 42 U.S.C. § 1983 form.

Entered: November 3, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge